## Raimer v. City of York

*E. Nelson Read*, for plaintiff.

*John W. Heller, 3rd*, for defendant.

ATKINS, P.J., April 19, 1965.—Plaintiff has filed a motion for judgment on the pleadings. The action is in assumpsit by a policeman of the City of York against the city for certain medical expenses pursuant to the Act of June 28, 1935, P.L. 477, 53 PS §637.

The pleadings to be considered consist of an amended complaint and answer and new matter, and a reply to the new matter. The facts alleged in the complaint are that on April 6, 1963, plaintiff was injured in the course of his employment as a policeman by defendant. He has not been able to return to his duties, and it is alleged that he will be unable to return to active duty for some time in the future.

He has incurred expenses for medical services in the total amount of $4,967.04. The State Workmen's Insurance Fund has paid $1,579.59 on account of these medical expenses pursuant to an agreement entered into under The Workmen's Compensation Act. Judgment is claimed against the city for the balance of these expenses, or $3,387.45.

The answer of the city admits these facts. It does allege that certain payments made to one of the doctors were intended to be in full settlement of his bill, but by stipulation at a pretrial conference this allegation was stricken from the answer and the parties agreed that if plaintiff is entitled to judgment, it should be in the sum above indicated.

The new matter contained in defendant's answer alleges that plaintiff's injury was covered by workmen's compensation and that plaintiff had entered into an agreement with the State Workmen's Insurance Fund and that he received workmen's compensation under it. It is further alleged that plaintiff incurred medical expenses beyond those required to be paid under The Workmen's Compensation Act of June 2, 1915, P. L. 736, sec. 306(f), as renumbered and amended, 77 PS §531, without notice to the compensation carrier or the city, and without prior application for approval by the Workmen's Compensation Board. After these expenses were incurred an application was made to the Workmen's Compensation Board, praying

it to order payment of the additional medical expenses. This was refused.

Defendant's position is that the Act of 1935 and the Workmen's Compensation Act are in pari materia and that the latter limits the former. There is no specific allegation that plaintiff's disability is temporary and not permanent, but the inference from the language of the complaint is that it is not permanent. Since this inference is not negated by defendant, we conclude that the disability is a temporary one. See Kurtz v. Erie, 389 Pa. 557; Iben v. Monaca Borough, 158 Pa. Superior Ct., 46.

The pertinent part of the Act of 1935, supra, provides as follows:

". . . any policeman, fireman or park guard of any county, city, borough, town or township, who is injured in the performance of his duties . . ., and by reason thereof is temporarily incapacitated from performing his duties, shall be paid . . . by the county, township or municipality, by which he is employed, his full rate of salary, as fixed by ordinance or resolution, until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid . . . by such county, township or municipality . . ."

In Iben v. Monaca Borough, supra, it is said:

"The provisions of the act are mandatory and not elective and do not deprive the disabled employee of any common law rights."

As we understand the position of defendant, it is that the recovery by the employe from the municipal employer is to be limited to the amount recoverable under The Workmen's Compensation Act of June 2, 1915, P. L. 736, and its amendments. In Stanger v. Borough of West View, 33 D. & C. 247, the court said:

"It is our opinion that this (the Act of 1935, supra) is an independent act that allows original jurisdiction in the court of common pleas, without first recourse to the Workmen's Compensation Board, particularly where credits are allowed, as set forth in the statement of claim, for compensation awarded by that board."

Here, although the information is not in the pleadings, we are informed in the brief of plaintiff that all payments received from the State Workmen's Insurance Fund have been turned over to defendant by plaintiff. This is required by the act where it is provided, "During the time salary for temporary incapacity shall be paid by the . . . city . . . , any workmen's compensation received or collected by a . . . policeman . . . for such period shall be turned over to the . . . city . . ., and paid into the treasury thereof . . ."

There is no language in the act that shows any legislative intent that the amount of recovery by the policeman is in any way limited to the amount recoverable by way of workmen's compensation. Indeed, if the recovery were to be so limited, one may then ask why was this legislation passed at all, because if the act was not intended to create rights in plaintiff beyond those given by The Workmen's Compensation Act, there would be no necessity for this legislation. It is clear that the liability of the city under this legislation is broader than under The Workmen's Compensation Act.

The city suggests that a policeman may refuse to proceed to recover workmen's compensation. That is not this case, and we need not comment on this possibility.

It also suggests that it may cost as much as $50,000 to rehabilitate an injured policeman. This would seem unlikely with recovery limited to cases of temporary

disability, but again that is not this case, and we express no opinion on this hypothesis.

We conclude that plaintiff is entitled to judgment and, therefore, enter this order:

And now, to wit, April 19, 1965, at 10 a.m. (EST), it is ordered, adjudged and decreed that judgment be and is hereby entered in favor of Albert C. Raimer and against the City of York in the amount of $3,-387.45, with costs of suit. An exception is granted to defendant to the action of the court in this regard.